[No. 1338.  Decided June 26, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. E. P. SMITH,
*Respondent*.

LARCENY — CONVERSION BY FALSE IMPERSONATION — SCOPE OF
STATUTE.

Any article or thing of value, as well as money, may be the sub-
ject of larceny, under Penal Code, §53, which provides that "every
person who shall falsely represent or personate another, and in
such assumed character shall receive any money or other property
whatever, intended to be delivered to the party so personated, with
intent to convert the same to his own use, shall be deemed guilty of
larceny."

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, and *Daniel W.
Bass*, for The State.

The opinion of the court was delivered by

ANDERS, J.—The prosecuting attorney of King county
filed an information in the superior court of said county
charging the respondent with the crime of aiding in the
concealment of stolen property, knowing the same to have
been stolen.

A motion was filed to quash the information, on the
grounds: "*First*, That said information does not state the
particular circumstances necessary to constitute the crime
of larceny; *second*, that the same is not sworn to; *third*,
that the said defendant has never had a preliminary ex-
amination before a committing magistrate in so far as the
crime alleged against him is concerned." Said motion was
sustained, and the defendant was, by order of the court,
discharged from custody. Whereupon the counsel for the
state appealed. The respondent has neither filed a brief
nor entered an appearance in this cause in this court.

The record does not disclose the precise ground upon which the court set aside the information, but it is asserted in the brief of counsel for the state that the motion was sustained on the ground that a sewing machine could not be a subject of larceny under § 53 of the Penal Code. And as it plainly appears that the information was verified, and does not appear that the defendant was not charged with a crime and examined before a committing magistrate, we must presume that the ground alleged was that upon which the action of the court was based.

Sec. 53, Penal Code (2 Hill's Code, p. 665), provides that "every person who shall falsely represent or personate another, and in such assumed character shall receive any money or other property whatever, intended to be delivered to the party so personated, with intent to convert the same to his own use, shall be deemed guilty of larceny."

That the words "or any other property whatever," used in this statute, include within their meaning a sewing machine, seems too plain for argument. In construing penal statutes, as well as others, the primary rule is that the intent of the legislature is to be ascertained by giving the words of the statute their plain and ordinary meaning. It was manifestly the object and intention of the lawmakers to make it a crime for any person, by assuming to be another, to get possession of any article or thing of value whatever with intent to convert the same to his own use, and the language used is susceptible of no other interpretation.

The judgment is reversed.

DUNBAR, C. J., and STILES, HOYT and SCOTT, JJ., concur.