No. 23,758.

THE OVERLAND-RENO COMPANY, a Partnership consisting of L. E. MAYFIELD and J. B. WILSON, *Appellant*, v. THE INTERNATIONAL INDEMNITY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

INDEMNITY INSURANCE—*Against "Theft, Robbery and Pilferage"—Automobile Obtained by False Representations and Forged Check—Loss Covered by Insurance Policy.* Following *Motor Co. v. Insurance Co.*, 111 Kan. 225, 207 Pac. 205, it is held that under a contract of insurance against "theft, robbery or pilferage," the act of the swindler, by which the owner of the insured property is swindled out of it through false pretenses or other fraudulent trick or device with the preconceived intent and plan of the swindler not to pay for it, is a species of theft for which the insurance company is liable.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 8, 1922. Reversed.

*William H. Burnett*, of Hutchinson, for the appellant.

*A. C. Malloy, R. C. Davis*, and *Warren H. White*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Overland-Reno Company asked a recovery against the indemnity company on the basis that a certain insurance policy issued by the defendant covers an automobile which was fraudulently obtained from it through a false and fictitious check, and that it was obtained in such a way as to constitute theft within the meaning of the insurance policy. In its petition plaintiff alleged that one E. C. Dolson came to its place of business and represented that he was in the market to purchase an automobile, wanted to buy a light car and that one of the agents of the plaintiff proceeded to show him a car. After some demonstration and negotiations Dolson concluded to purchase a roadster. He represented to the agent of plaintiff that he was a farmer living six miles from Hutchinson, he had the appearance of being a farmer, his statements were accepted as being the truth, and the check issued by him was received as genuine and without objection. The agent had no authority to accept anything but cash and was not authorized to accept a check in lieu of cash without the approval of the plaintiff. Dolson represented that he had a bunch of cattle in the stockyards

in the east part of Hutchinson and was in a hurry to go and take care of them, and he did not return and complete the transaction until after the banks were closed for the day. The plaintiff did not learn there had been a sale until the day following the transaction when a member of the company took the check to the bank and deposited it, thinking that it would go through the clearing. The check did not go through the clearing on that day which was Saturday, and he did not learn that it was fictitious and forged until Monday, the 19th of April, when he notified the sheriff and made every reasonable effort to ascertain the location of Dolson and the automobile, but without success. It is alleged in effect that the representations made by Dolson were false; were made for the purpose of unlawfully gaining the possession of the plaintiff's automobile; that the check given was fictitious, forged and fraudulent; that the frauds were committed with no intention of purchasing the automobile, but for the unlawful purpose of depriving plaintiff of its property. It further alleged that upon discovery of the fraud, it notified the sheriff and made every effort to find Dolson and the automobile, but no trace of either was found. It alleged that three days after the theft it gave the defendant written notice that the theft had been committed, and subsequently rendered a sworn statement to it of the value of the property lost.

The question in the case is whether the obtaining of the automobile in the way described constituted a larceny under the contract of insurance? It provided insurance against theft, robbery or pilferage, excepting that committed by persons in the household service or employment of the assured. The plaintiff insists the term "theft," as used, is equivalent to larceny, and that as Dolson fraudulently gained possession of the automobile by a preconceived plan with the intention of depriving the owner of its property, a theft was committed. As will be observed the facts pleaded are quite similar to those involved in *Motor Co. v. Insurance Co.*, 111 Kan. 225, 207 Pac. 205. That decision, which was made since the judgment in this case was rendered, is controlling here. It was decided that—

"The prevailing rule is that any scheme whether involving false pretenses or other fraudulent trick or device whereby an owner of property is swindled out of it with the preconceived intent of the swindler not to pay for it, is classed as larceny and is punished accordingly." (p. 226.)

In the syllabus of the case it was declared that—

"Under a contract of insurance issued to protect a dealer in automobiles against 'theft, robbery or pilferage,' the act of a swindler who deprived the insured of an automobile by means of a preconceived plan which involved impersonation, misrepresentation and fraud was a species of theft for which the insurance company was liable."

Following that ruling the judgment of the trial court must be reversed.