No. 24,897.

THE OVERLAND-RENO COMPANY, *Appellee*, v. THE INTERNATIONAL INDEMNITY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

INSURANCE—*Against "Theft, Robbery and Pilferage"—Property Obtained by a Preconceived Plan Involving False Representation and Fraud Within Provisions of Policy.* Under a contract of insurance issued to protect a dealer in automobiles against "theft, robbery or pilferage," the act of a swindler who deprived the insured of an automobile by means of a preconceived plan which involved misrepresentation and fraud was a species of theft for which the insurance company was liable—following *Motor Co. v. Insurance Co.*, 111 Kan. 225, 207 Pac. 205, and *Overland-Reno Co. v. Indemnity Co.*, 111 Kan. 668, 208 Pac. 548.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 12, 1924. Affirmed.

A. C. Malloy, R. C. Davis, and Warren H. White, all of Hutchinson, for the appellant.

J. R. Beeching, J. F. Rhodes, and William H. Burnett, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This action was to recover on an automobile insurance policy where the owner was deprived of his car by a preconceived fraudulent trick or scheme. This is the second appeal. On the previous appeal, reported in 111 Kan. 668, 208 Pac. 548, this court reversed an order of the trial court sustaining a demurrer to plaintiff's petition. After the case was sent back to the district court it was tried on an agreed statement of facts. Plaintiff prevailed and defendant appeals.

A close examination of the petition and the agreed statement of facts shows that no new facts are presented for consideration. All the material facts in the agreed statement are substantially as alleged in the petition on which this court passed on the previous submission.

The facts are that one Dolson, representing himself to be a farmer, gave his check for and procured from O. B. Mayfield a Little-Overland 4 Roadster, Mayfield, in good faith believing the representations of Dolson, which proved to be false. The policy insured against "theft, robbery or pilferage."

The defendant contends that the act of Dolson did not constitute a larceny but that the car was procured by false pretense.

We adhere to the doctrine in Motor Co. v. Insurance Co., 111 Kan. 225, and Overland-Reno Co. v. Indemnity Co., 111 Kan. 668. In the former it was said:

"The prevailing rule is that any scheme whether involving false pretenses or other fraudulent trick or device whereby an owner of property is swindled out of it with the preconceived intent of the swindler not to pay for it, is classed as larceny." (p. 226.)

Reference is made in the briefs to the case of Cedar Rapids Nat. Bank v. American Surety Co., recently decided by the supreme court of Iowa (195 N. W. 253). It was there held by a divided court that "where one deposited money with a bank and presented checks at the windows of two paying tellers, both being honored

by reason of the diversion of the attention of one teller, each check equaling the amount of the deposit, the money was obtained by the cashing of the second check by 'false pretenses' and not by 'theft,' within the meaning of a policy of insurance." A dissenting opinion by Chief Justice Preston upholds the doctrine heretofore announced by this court. It may be that the statute of Iowa is not as broad as the Kansas larceny statute, and that there was, therefore, reason for a restricted construction by that court. It may also be observed that the policy or bond considered by the Iowa court contained a provision reading: "This bond does not cover any loss covered by an overpayment by a teller to a customer."

It is the contention of the defendant that the plaintiff was negligent in not taking proper precautions or making proper investigations to circumvent the action of Dolson in perpetrating the fraudulent trick by means of which he procured the car.

After any theft such as this was, some means always appears whereby it might have been avoided had the parties been warned or sufficiently advised. In this case, when Mayfield delivered the car to Dolson he took Dolson's check believing it was genuine and worth its face value, and believing the representations and statements made to him by Dolson to be true. From such statements he assumed that what Dolson told him was true; that he was a substantial farmer and had a deposit in the bank sufficient to pay the check. The insurance company cannot evade liability because the party delivering the car to the thief could not, or did not, think of every possible element of precaution in making, in good faith, what he supposed was a *bona fide* sale.

Upon the facts disclosed in the agreed statement there is no doubt but that Dolson had formed the design to obtain the car by deception. He had this purpose in mind when he first visited the garage and made inquiry.

" 'Where the defendant with a preconcerted design to steal property, obtains possession of it by fraud, the taking is larceny, for the reason that, as the fraud vitiated the transaction and left the title in the original owner, he still retains a constructive possession of the goods, and the conversion of them by the defendant is such trespass to that possession as makes larceny.' " (*Towns v. State,* 167 Ind. 315.)

There are numerous jurisdictions where the distinction between larceny at common law and obtaining property by false pretenses or embezzlement has been wiped out. (*State v. Henn,* 39 Minn. 464; *State v. Southall,* 77 Minn. 296; *People v. Rothstein,* 85 N. Y. Supp.

1076; *People v. Rice,* 128 N. Y. 649; *Mitchell v. State,* 92 Tenn. 668; *Maddox v. The State,* 41 Tex. 205; *Porter v. State,* 23 Tex. App. 295; *State v. Hulder,* 78 Minn. 524; *Fay's Case,* 28 Gratt. 912; *State v. White,* 12 Wash. 417; *State v. Smith,* 9 Wash. 248; *State v. Edwards,* 51 W. Va. 220; *State v. Halida,* 28 W. Va. 499. See, also, cases cited in *Cedar Rapids Nat'l Bank v. American Surety Co.,* supra.)

The judgment is affirmed.