[No. 20703. Department Two. October 25, 1927.]

O. M. GAUDY, INCORPORATED, *Respondent*, v. NORTH CAROLINA HOME INSURANCE COMPANY, *Appellant*.[1]

[1] INSURANCE (121)—LARCENY (13)—RISKS AND CAUSES OF LOSS—GUARANTY INSURANCE—DEFAULT—THEFT—TIME OF TAKING. The theft of an automobile took place prior to the issuance of a policy of theft insurance covering embezzlement by a vendee in possession, so that there was no subject-matter upon which the policy could operate, where a conditional sales vendee, acting under an assumed name, obtained possession of an automobile by fraudulent means in the morning and disappeared, and the policy was applied for thereafter and took effect at noon on the same day; since the theft was then complete, under Rem. Comp. Stat., § 2601, subdiv. 2, making it larceny to obtain title or possession of the property of another by fraud.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 2, 1927, upon findings in favor of the plaintiff, in an action upon an insurance policy, tried to the court. Reversed.

*Fred G. Clarke*, for appellant.

*Kerr, McCord & Ivey*, for respondent.

MAIN, J.—This action is based upon a rider attached to an automobile insurance policy, issued by the defendant to the plaintiff, covering loss through the theft of a car by the vendee upon a conditional sales contract. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment sustaining a recovery in the sum of $715.10. From this judgment, the defendant appeals.

The facts are not in dispute, and may be stated as follows: One Wm. Kyle resided at Florence, Oregon, and owned a Hudson automobile upon which there was a California license plate. He sold this car to the

[1]Reported in 260 Pac. 257.

Howard Motor Company of Portland, Oregon, leaving the license plates thereon. In a pocket of one of the doors there was a license card bearing his name. The Howard Motor Company sold the Hudson to one Frank Wilcox of Vancouver, Washington, a dealer in automobiles.

On October 6, 1925, Wilcox sold the car to a man giving his name as J. H. Baker, receiving a payment of two hundred fifty dollars on the purchase price, and took a chattel mortgage for the balance. Baker drove the Hudson car to Seattle, and on the morning of October 12, 1925, traded it at a value of two hundred fifty dollars as the first payment on an Essex car, which he then and there obtained from the respondent. Baker, in obtaining the Essex, represented himself as Wm. Kyle, signed the conditional bill of sale for the balance of the purchase price as Wm. Kyle, took the car and that evening disappeared from his boarding house and has not been heard from since. After Baker, representing himself as Wm. Kyle, had obtained possession of the Essex on the morning of the 12th, the respondent phoned to the appellant and asked that insurance be placed on the car covering theft by the vendee. A rider was attached to the policy as requested, which took effect at twelve o'clock noon of that day, to wit: October 12, 1925. The policy contains this:

"Perils Insured Against . . . (C) Theft, robbery or pilferage . . . excepting also the wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possession under mortgage, conditional sale or lease agreement . . ."

The rider attached to the policy insured the

". . . vendor against all direct loss or damage which he may sustain caused by the disposal or concealment of said automobile by the said Vendee with intent to defraud the same Vendor . . ."

The effect of the rider was to do away with the exception above noted in case of theft, robbery or pilferage.

[1]  The controlling question in the case is whether the car had been stolen prior to the time the policy, together with the rider, took effect at twelve o'clock noon on October 12, 1925.  There can be no question that the method by which Baker, under the name of Kyle, obtained possession of the Essex car, made him guilty of larceny.  Rem. Comp. Stat., § 2601 [P. C. § 8944], among other things, provides:

"Every person who, with intent to deprive or defraud the owner thereof—  . . .  (2) Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . by color or aid of any fraudulent or false representation, personation, or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; . . . . Steals such property and shall be guilty of larceny."

It seems to us the transaction comes directly within the provisions of this statute.  If the car was stolen at the time Baker, under the name of Kyle, obtained possession of it on the morning of October 12, then at twelve o'clock on that day when the policy took effect, there was no subject-matter for it to operate upon. One of the essentials of an insurance contract is that there must exist at the time of its issue the subject-matter which it is intended to cover.  If there be no subject-matter in existence, no liability arises by reason of the issuance of the policy.  1 Joyce on the Law of Insurance (2d ed.), § 43; *Ogle Lake Shingle Co. v. National Lumber Ins. Co.*, 68 Wash. 185, 122 Pac. 990.

The respondent relies upon the cases of *Hill v. North River Ins. Co.*, 111 Kan. 225, 207 Pac. 205; *Overland-Reno Co. v. International Indemnity Co.*, 111 Kan. 668, 208 Pac. 548; *Brady v. Norwich Union Fire Ins. Soc.*,

47 R. I. 416, 133 Atl. 799; *Automobile Underwriters'
Co. v. Rhinehold*, 255 S. W. (Tex. Civ. App.) 1116.

In each of those cases, the question was whether the
manner and means by which possession of the auto-
mobile was obtained was a theft within the meaning of
the policy. In none of them is the question discussed
or decided as to whether, if the theft took place prior
to the issuance of the policy, there could be a recovery.
The respondent in its brief says that it will be pre-
sumed that the policy in question in each of the cases
relied upon was issued after the delivery of the car
but we think that no such presumption would arise. In
any event, as already stated, the cases neither discuss
or decide the precise question which is presented in
the case now before us.

The automobile having been stolen by Baker under
the name of Kyle prior to the time when the insurance
policy took effect, there is no liability upon it, since
at the time it was issued there was no subject-matter
upon which it could operate, the car, prior thereto, hav-
ing been stolen. The theft of the car was complete at
the time Baker took it from the respondent's place of
business, even though he did not actually depart from
the city of Seattle until the evening of that day.

It follows that the judgment must be reversed and
the cause remanded with direction to the superior
court to dismiss the action.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOL-
COMB, JJ., concur.