12438

SIMPSON v. PALMETTO FIRE INSURANCE CO.

(143 S. E., 184)

1. TRIAL—COUNSEL'S DECLARATION, ON MOVING FOR DIRECTED VERDICT, THAT CLEAR-CUT LEGAL ISSUE WAS RAISED, CONSTITUTED WAIVER OF EXCEPTIONS ASSIGNING ERROR IN REFUSAL OF NONSUIT.—Declaration

NOTE: As to what constitutes theft, robbery, or pilferage within the meaning of automobile insurance policy, see annotation in 44 L. R. A. (N. S.), 75; 51 L. R. A. (N. S.), 84; L. R. A. 1915-E, 579; L. R. A., 1917-F, 543; 14 A. L. R., 215; 19 A. L. R., 171; 24 A. L. R., 740; 30 A. L. R., 662; 38 A. L. R., 1123; 46 A. L. R., 534; 14 R. C. L., 1271; 5 R. C. L. Supp., 807; 6 R. C. L. Supp., 877; 7 R. C. L. Supp., 491.

of counsel at time of moving for directed verdict, to effect that a clear-cut legal issue was raised thereby, *held* to constitute a waiver of exceptions assigning error in refusal of motion for nonsuit.

2. INSURANCE—ACTION OF BAILEE HIRING AUTOMOBILE IN FAILING TO RETURN IT CONSTITUTED "THEFT" WITHIN MEANING OF THEFT POLICY (CR. CODE 1922, § 43).—In view of Cr. Code 1922, § 43, declaring breach of trust with fraudulent intent shall be held to be larceny, conduct of bailee hiring automobile in driving car out of State and failing to return it *held* to constitute theft within meaning of policy insuring automobile against loss by theft, robbery, or pilferage.

Before ANSEL, J., County Court, Greenville, March, 1927. Affirmed.

Action by W. L. Simpson against the Palmetto Fire Insurance Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Price & Poag,* and *P. A. Bonham,* for appellant, cite: *"Theft, robbery and pilferage" must be considered in their usual and ordinary meaning:* 101 S. E., 691. *"Theft":* 78 S. E., 265; 13 A. & E. Ann. Cas., 878; 156 Pac., 557; 92 So., 429; 189 N. W., 794; 124 Atl., 773; 272 S. W., 624; 21 S. C., 353.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Breach of trust:* Sec. 143 Crim. Code; 204 N. Y. S., 465. *"Theft":* 18 Ohio App., 97; 208 Pac., 548; 133 Atl., 799; 260 Pac., 257; 108 So., 545; 217 N. Y. S., 95.

April 30, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action upon an insurance policy protecting the plaintiff, insured, against loss by ".theft, robbery, or pilferage," in the sum of $900, of a certain automobile.

The only issue in the case now is whether the particular loss, the circumstances of which will be explained, is covered by the term "theft"; counsel for the defendant having admitted the value of the car and made a motion for·a directed verdict, raising, as counsel declared, "a clean-cut legal issue"

upon the construction of the policy. His Honor, Judge Ansel, directed a verdict for the plaintiff for the full amount claimed, and the defendant has appealed.

We think that counsel's declaration upon his motion for a directed verdict constitutes a waiver of his exceptions assigning error in the refusal of motion for a nonsuit. Aside from this, we are of opinion that the motion was properly refused.

The facts were these: While the policy was in force, the plaintiff hired the car, without a driver, to one Homer Richey, for a drive of two hours, from Greenville to Conestee, some 10 miles distant. Richey did not return, and was afterwards arrested in Jacksonville, Fla., whither it appears that he had driven the car. The car has never been returned to the plaintiff; he has sustained a total loss.

While the authorities are somewhat conflicting, we think, taking into consideration Section 43 of the Criminal Code, which declares that a breach of trust with fraudulent intent shall be held to be larceny, and the great weight of authority to that effect, that the conduct of the bailee in this case amounted to "theft" within the purview of the policy. In fact, his conduct appears to have been, from the beginning, to get possession of the car upon a false representation, for the purpose of appropriating it to his own use and of depriving the owner of the possession of it, amounting to theft. *Indemnity Co. v. Meyer,* 18 Ohio App., 97; *Overland Co. v. Ins. Co.,* 111 Kan., 668; 208 P., 548. *Brady v. Ins. Co.,* 47 R. I., 416; 133 A., 799. *Gaudy v. Ins. Co.,* 145 Wash., 375; 260 P., 257. *Finance Co. v. Ind. Co.,* 161 La., 303; 108 So., 545. *Kean v. Casualty Co.,* 127 Misc. Rep., 893; 217 N. Y. S., 95. *State v. Stewart,* 6 Pennewill (Del.), 435; 67 A., 786. *Richards v. State,* 55 Tex. Cr. R., 278; 116 S. W., 587. *Home Ins. Co. v. Paul,* 128 Okl., 142; 261 P., 927. *Federal Ins. Co. v. Hiter,* 164 Ky., 743; 176 S. W., 210; L. R. A., 1915-E, 575. The

case from the Supreme Court of Oklahoma is particularly apposite and instructive.

The judgment of this Court is that the judgment be affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Blease, Stabler and Carter concur.