MARTIN v. MATSON NAV. CO. et al.

(District Court, W. D. Washington, N. D.  January 22, 1917.)

No. 3377.

1. CORPORATIONS &⟶632—CITIZENSHIP.
   The state in which a corporation is organized determines its citizenship, whether it has offices and transacts business in the state in which suit is brought or not.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2487, 2488; Dec. Dig. &⟶632.]

2. REMOVAL OF CAUSES &⟶36—RIGHT OF REMOVAL—DENIAL.
   The right of removal on account of diversity of citizenship may not be defeated by fraudulent joinder of a resident defendant having no connection with the controversy.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. &⟶36.]

3. REMOVAL OF CAUSES &⟶86(2)—PETITION—ALLEGATIONS.
   A nonresident defendant, seeking removal on account of diversity of citizenship of an action in which a resident defendant was joined, must allege facts showing the joinder was fraudulent, unless that is apparent on the face of the complaint, and merely to apply the word "fraudulent" is insufficient.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 170, 173; Dec. Dig. &⟶86(2).]

4. REMOVAL OF CAUSES &⟶47—ISSUE—DETERMINATION.
   For the purpose of removal of a cause, the issue tendered is what plaintiff makes it in his complaint.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 92; Dec. Dig. &⟶47.]

5. REMOVAL OF CAUSES &⟶36—RIGHT TO REMOVE—FRAUDULENT JOINDER.
   The complaint in an action begun in the Washington state courts by a citizen of that state alleged that a steamship company, a California corporation, operated a steamship between the ports of that state and Washington, that the two individual defendants were the chief engineer and assistant engineer of the vessel, and that plaintiff's intestate, while employed as a mechanic by putting bolts in the base of the engine, was killed when the assistant engineer negligently opened the valve, allowing

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

hot water to flow upon deceased. The complaint further alleged that the engines were under the control of the two individual defendants, and it was their duty to warn deceased before opening the valve. The chief engineer, who of all the defendants was the only citizen of Washington, was absent at the time of the accident. *Held*, that the cause was properly removable to the federal courts by the corporate defendant, there being diversity of citizenship and the joinder of the chief engineer being improper, for his liability, if any, was entirely distinct from the liability of the corporate defendant for the negligent act of the assistant engineer.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. ☞36.]

At Law. Action by Louise Martin against the Matson Navigation Company, a corporation, and others, begun in the state court and removed to the federal District Court. On motion to remand. Motion denied.

Vanderveer & Cummings, of Seattle, Wash., for plaintiff.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for defendants

NETERER, District Judge. This action was commenced in the state court and removed to this court upon the grounds of separable controversy and fraudulent joinder, and a motion to remand has been made, in which it is denied that there was a fraudulent joinder. The complaint, in substance, alleges that the defendant company is a California corporation, doing a common carrier of passengers and merchandise business between the ports of Washington and California, and as such operated the steamship Hyades; that the defendants Snyder and Clarke were employed by the defendant company as chief engineer and assistant engineer, respectively, on said steamship; that on March 3, 1916, one William Brown was employed by the Standard Boiler Works, of Seattle, as a mechanic, and on said day was engaged in putting certain bolts in the base of the engine of the vessel, pursuant to contract of the boiler company and the defendant company, and while so engaged had removed a plate from the deck of said vessel from which the engines and machinery were controlled and operated, and had "crawled down underneath the engines, condenser, and hot well, and while in this position the defendant Miles R. Clarke negligently and carelessly opened the valve controlling the flow of water in said hot well and condenser in such a manner as to cause the same to overflow and flood the place where the said William Brown was engaged at his work, and to cause hot and boiling water to fall upon, envelop, and horribly burn and scald the body of said William Brown," from the effects of which he died on the 5th of March following; that the said engines, boiler, and hot well were at all times mentioned under the supervision and control of the defendants Miles R. Clarke and Charles W. Snyder, "and that it was the duty of the said Miles R. Clarke and Charles W. Snyder to warn said William Brown of the danger to said William Brown from the source aforesaid"; and that it was "the further duty of the said Miles R. Clarke and said Charles W. Snyder to so operate said engines, boilers, and hot well as not to endanger the life of said William Brown while engaged in

said work as aforesaid." The mother of the deceased prosecutes this action.

The petition for removal states that Clarke is a resident of California and has not been served with process, and that Snyder is a resident of the state of Washington; denies that Snyder at the time of the accident had charge of the operation and control of the vessel or any portion thereof, and states that he was not aboard the vessel, which fact was known to the plaintiff, and that he was fraudulently joined to defeat removal to this court on the ground of diversity of citizenship; and further states that the causes of action, if any, are separable, and that, if the defendant company is liable at all, it is under the doctrine of respondeat superior, and not by reason of any concurrent negligence of the defendant company.

The plaintiff denies that Snyder was fraudulently joined, but alleges that Brown met his death at a place under the supervision and control of said Snyder, "at a time when he was known by said Snyder to be at said place upon the express invitation of the defendant Matson Navigation Company, said Snyder's master, and that there was inherent in said place the danger which caused the death of the said deceased, which fact was known to said Snyder."

[1-4] The state in which a corporation is organized determines the citizenship, whether it has offices and transacts business in the state in which the suit is sought to be brought or not. Johanson v. Alaska Treadwell Gold Mining Co., 225 Fed. 270. The right of removal may not be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy; but the defendant seeking removal must allege facts that force the conclusion that the joinder is fraudulent, unless it is apparent upon the face of the complaint, and merely to apply the term "fraudulent" will not suffice. Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544; Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208; Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Alabama Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 54 L. Ed. 441, 4 Ann. Cas. 1147; Louisville & Nashville R. R. Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473. For the purposes of removal the issue tendered is what the plaintiff makes it in his complaint. Bradshaw v. Bowden (D. C.) 226 Fed. 323.

[5] The liability, if any, of the defendant company, alleged in the complaint, is solely on the ground of the relationship of petitioner as master of Miles R. Clarke, a servant, under the doctrine of respondeat superior, and not by reason of any concurrent or wrongful act of the defendant company. The relation of the defendant Snyder was that of servant. It is apparent upon the face of the complaint that the duties of the defendants Snyder and Clarke were that of chief and assistant engineer, respectively. It is affirmatively stated in the complaint that the injury was caused "by the defendant Miles R. Clarke negligently and carelessly opening the valve controlling the flow of water in said hot well and condenser in such a manner as to cause the same to overflow and flood the place where the said William Brown was engaged at his work, and to cause the hot and boil-

ing water to fall upon * * * said William Brown. * * * "
It is apparent that it was an act of commission on the part of Clarke, a
servant, which was the cause of the injury, and not an act of omission
on the part of Snyder, a fellow servant of the person who committed
the act. The mere fact that the allegation is made in the complaint
that it was the duty of Snyder to notify the deceased of the danger
does not make Snyder a party to the injury, in the face of the other
statements. There might be some force to the argument of counsel
for the plaintiff if the valve controlling the flow of water in said hot
well and condenser had been opened by a stranger in the absence of
Snyder, the servant of the defendant company, his duty at the time
being to be in charge of this part of the vessel; but in the face of
the affirmative act of the fellow servant of equal responsibility, who
was present and in charge of the apparatus, and in the absence of a
statement directly connecting the defendant Snyder with the act of
commission, the conclusion is inevitable that the defendant Snyder,
is not a proper party, and that there is no joint liability between the
defendant Snyder and the defendant company. The record concedes
that the defendant Clarke is a resident of California upon whom no
process has been served. There is a diversity of citizenship, and the
right of removal therefore obtains.

The motion to remand is denied.