DANIEL J. MURPHY, Respondent, *v.* FRANK B. HALL & Co., INC., Appellant.

Third Department, January 15, 1930.

·Barry, Wainwright, Thacher & Symmers [Herbert Barry and Gardner D. Howie of counsel], for the appellant.

Gilbert F. Kennedy [Christian S. Lorentzen and William D. Brinnier, Jr., of counsel], for the respondent.

HILL, J. This action is brought to recover the expenses incurred in securing a settlement of the fire loss on fifteen barges which burned at their moorings in the Hudson river. They had been insured in English companies not authorized to transact business in New York State. The insurance was secured through defendant acting as plaintiff's agent. Plaintiff had purchased twenty-nine barges from the United States government, partly on credit. He commissioned the defendant to obtain insurance on fifteen of the barges, naming a very low rate of premium, the policies not to contain the usual requirement as to watchmen on the boats. Defendant communicated with brokers in London, which seems to have been the only market where insurance of the kind and at the rate mentioned could be obtained. Shortly, plaintiff was advised by defendant that the insurance of $180,000 had been negotiated with "Lloyds and/or companies per Sedgwick, Collins & Co., Ltd., London."

The fifteen barges which had been so insured were destroyed. They were moored in a group. The fire, of unknown origin, started in the most northerly boat of the group. Plaintiff's brother was at the scene, but none of the boats were set adrift before the flames attacked them. The doors and hatches were open, which expedited the passage of the flames from one boat to the next,

The fire occurred within five months after the insurance was written, and when only about one-third of the premium had been paid. The first of the insured barges was moored at the point where the fire occurred about October 15, 1921; they continued to arrive one by one, the last a few days before the fire on November 6, 1921. It developed that previous policies of insurance had been canceled. The insurance companies denied liability and refused payment. Action was brought in London and settled before trial by the payment of $207,000. This was the amount of the policies with interest, and $13,500 costs. Plaintiff has here recovered the expenses which he incurred in prosecuting the suits.

The referee finds that this expense " was made necessary by the fact that the companies were not subject to the process of the courts in the State of New York," and also because defendant secured and presented " to the insurance companies a report of the fire which was harmful to the plaintiff's claim under the policies of insurance." Defendant was an agent to procure the insurance, to furnish blanks for proof of loss and to forward the proofs after the premium was paid. There was no obligation to conceal the facts connected with the burning of the barges, nor the inference of the investigator which was stated in his report. An action could have been maintained if defendant had " maliciously interfered " and had induced the insurance companies to break the contract. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418.) There is no finding that defendant was actuated by malice in making the report to the insurance companies. There are no facts to sustain such a finding. Defendant did not undertake to procure insurance which would be paid no matter how suspicious the circumstances of the fire, but under the authorities (*Landusky* v. *Beirne*, 80 App. Div. 272; affd., 178 N. Y. 551) a broker may be liable for damage which may result from the placing of insurance with a company not admitted to do business here. The measure of damage is the difference in cost between the litigation in London and a similar one here, consideration being given to the contribution toward expenses which was received on the settlement.

The judgment should be reversed on the law and facts, and a new trial granted, with costs to appellant to abide the event. Findings of fact numbered " seventh," " eighth " and " eleventh " should be reversed.

VAN KIRK, P. J., and HINMAN, J., concur; WHITMYER, J., dissents, with a memorandum; HASBROUCK, J., not voting.

WHITMYER, J. (dissenting). Acting as plaintiff's agent, defendant effected fire insurance for plaintiff in two British companies,

not admitted here and without property here, without disclosing those facts to plaintiff, and plaintiff did not have knowledge thereof. That was a breach of duty on defendant's part and was actionable. (Ins. Law, §§ 49, 50; Penal Law, § 1199; *Burges* v. *Jackson*, 18 App. Div. 296; affd., 162 N. Y. 632; *Shepard* v. *Davis*, 42 App. Div. 462, 469; *Landusky* v. *Beirne*, 80 id. 272, 274; affd., 178 N. Y. 551.)

Next, defendant acted for plaintiff in the collection of the loss and, while so acting, secretly instigated an investigation of the circumstances surrounding the fire and gave to the companies the report thereon. The result was that the companies at first declined liability, but finally paid the loss without trial of the suit, which plaintiff had been compelled to bring. Defendant's acts constituted a breach of the obligations of loyalty and fidelity which it owed to plaintiff. (*Salzano* v. *Marine Insurance Co., Ltd.*, 173 App. Div. 275, 282; *Lamb* v. *Cheney & Son*, 227 N. Y. 418, 422; *Gonzales* v. *Kentucky Derby Co.*, 197 App. Div. 277, 281; *Campbell* v. *Gates*, 236 N. Y. 457, 460.) They were an interference with plaintiff's contractual rights, with knowledge and without justification, and were malicious. (*Lamb* v. *Cheney & Son, supra*, 422.)

The cost of similar litigation here is not an element for consideration. It does not appear that suit would have been necessary, if the insurance had been placed in companies admitted here or with property here.

There is evidence to sustain the decision and the judgment should be affirmed.

Judgment reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.

Findings of fact numbered seventh, eighth and eleventh are reversed.