[No. 23629.   Department Two.   August 19, 1932.]

G. FRED HAMP *et al., Appellants,* v. ORA E. HAVENS *et al., Respondents.*[1]

*Gleeson & Gleeson,* for appellants.

*Fred Trumbull* and *Roy A. Redfield,* for respondents.

BEALS, J.—Plaintiffs in their amended complaint (which will be herein referred to as the complaint) alleged that defendants Havens were at all times therein mentioned husband and wife, and that the other four defendants were corporations engaged in the business of writing fire insurance and represented in the vicinity of Metaline Falls, Washington, by defendant

[1] Reported in 13 P. (2d) 75.

Ora E. Havens, who, to the knowledge of each of defendant insurance companies, represented all four thereof and solicited and collected premiums, dividing the business between the four companies as he deemed best. Paragraphs 8, 9 and 10 of plaintiffs' complaint read as follows:

"(8) That the defendant Ora E. Havens was at all the times herein mentioned the duly appointed insurance agent for the said defendant companies, and each of them, as provided by the laws of the state of Washington and was the sole agent for said defendant companies and each of them in and around the village of Metaline, Pend Oreille county, Washington, on the 25th day of July, 1928, and for a long time previous thereto and up to and after the 5th day of November, 1929, that each of said companies knew that he was the agent for the other defendant companies and had a practice, custom and understanding that he should and did solicit contracts of insurance and countersign and deliver insurance policies and collect premiums for each of said defendant companies and handle the business in the division of said insurance business between each of said companies and in soliciting and writing policies and dividing said business between said companies and the premiums so collected he had been and was acting in said capacity for each of said companies and had a right to place or change policies of insurance with each or either of said companies, and this manner of doing business was continued from the 25th day of July, 1928, to the 1st day of November, 1929, and was to that extent a joint venture of said defendant Havens and all and each of said defendant companies.

"(9) That on or about the 25th day of July, 1928, and for a long time previous thereto plaintiffs were the owners of the north half (N½) of the northwest quarter (NW¼) of section nine (9) in township thirty-nine (39) north, range forty-three (43) E. W. M., Pend Oreille county, state of Washington. That plaintiffs had constructed a dwelling house on said property at the said date and at all times subsequent there-

to and until destroyed by fire as hereinafter stated had a value of six thousand five hundred and no/100 ($6,500.00) dollars, and the household goods in said house of a value of two thousand and no/100 ($2,000.00) dollars, which said valuation continued up to the fire hereinafter alleged, and plaintiffs had resided and were then residing at said place and continued so to reside for a long time both previous and subsequent thereto. That on or about the 25th day of July, 1928, the above named defendant Havens, in carrying out the joint venture heretofore alleged as insurance agent for each of said insurance defendants and for their profit as well as his own, came to the home of said plaintiffs as above alleged and solicited the privilege of writing insurance on said property above described. That at said time the said defendant Havens visited and examined said house and said personal property, was familiar with its location and its value and knew at said time that there was other insurance on said property amounting to two thousand and no/100 ($2,000.00) dollars on the dwelling house and five hundred and no/100 ($500.00) dollars on the furniture. That after said examination by the said defendant Havens it was mutually agreed between the said Havens and these plaintiffs that insurance on said property would be procured through and by the said Havens and with the insurance companies that the said Havens then represented, in the sum of fifteen hundred and no/100 ($1,500.00) dollars on the dwelling house and one thousand and no/100 ($1,000.00) dollars on the personal property contained therein and above described. That said agreement also provided that these plaintiffs should pay the premium in advance and the said Havens figured the same at forty and no/100 ($40.00) dollars and said insurance was to commence on said date and continue in the future for a period of three years from and after July 28, 1928, and that written policies of insurance were to be issued within a short time in the usual manner and said policy retained for safe keeping for plaintiffs by defendant Havens, and these plaintiffs further allege in this connection that the said defendants, Springfield Fire & Marine Insurance Company, Agricultural In-

surance Company, Hanover Fire Insurance Company and Insurance Company of North America should receive a part of said premium of forty and no/100 ($40.00) dollars and the said Havens receive a part thereof, the exact division of said forty and no/100 ($40.00) dollars or the exact division of said insurance between said insurance companies and the said Havens was not made known to plaintiffs. That as a part of said transaction the said plaintiffs paid said insurance premium of forty ($40.00) dollars to the said defendant Havens at said time which was paid in the following manner: By the issuance of a check in said sum and delivering the same to the said Havens and plaintiffs at said time and at all times up to and until after the fire as hereinafter stated, had money in said bank sufficient in amount to pay said check and said check could be cashed at any time by the said Havens or his assigns, said check being in words and figures as follows:

" 'Metaline Falls, Wash.,
" 'July 25, 1928
" 'METALINE FALLS STATE & SAVINGS BANK
" 'Pay to the Order of O. E. HAVENS Insurance
$40.00 Forty . . . . . . . . . . . . no/100 Dollars
" 'MRS. G. F. HAMP
" 'COUNTER CHECK.'

"(10)   That on or about the 1st day of November, 1929, the said dwelling house belonging to plaintiffs, together with the personal property therein and above described, was totally destroyed by fire, causing a loss to these plaintiffs of the values specified in this complaint and the amount of said insurance agreed to be written as aforesaid. That within about three days after said fire these plaintiffs called on the defendant Havens and notified him that a fire had occurred and destroyed their property and that they desired to make a claim of loss as is usually made under such circumstances. That the said Havens became angry and said they had no insurance, had nothing to receive and would get nothing and repudiated the agreement on behalf of himself and each of said defendants and as their agent. That at said time the check heretofore

given had not been cashed but had been retained during all of said period by the said defendants and no notice had been given these plaintiffs and plaintiffs did not know that the policies of insurance had not actually been written on said property. That by reason of the facts herein alleged plaintiffs have been damaged by defendants in the sum of twenty-five hundred ($2,500.00) dollars.''

Plaintiffs demanded judgment against defendants, and each of them, for twenty-five hundred dollars, together with their costs.

To this complaint, defendants Havens demurred upon two grounds: First, that several causes of action were improperly united; and second, that the complaint failed to state facts sufficient to constitute a cause of action against them. The four insurance companies jointly demurred upon the same grounds. The demurrers were by the trial court overruled, the order reciting that the court preferred ''to leave the question involved for determination at trial.''

It appears from the transcript that, when the action was called for trial, the defendants separately renewed their demurrers to plaintiffs' complaint, and also interposed oral demurrers to the same upon the ground that the complaint failed to state a cause of action. It further appears from the order entered by the trial court that the demurrers were argued and by the trial court sustained, and that plaintiffs then elected to stand upon their complaint, whereupon the action was dismissed. From the order of dismissal, plaintiffs appeal.

It may be assumed that, under certain circumstances, an oral contract of insurance may be valid and binding on the insurer. *Thompson v. Germania Fire Ins. Co.*, 45 Wash. 482, 88 Pac. 941; *Chenier v. Insurance Co. of N. A.*, 72 Wash. 27, 129 Pac. 905, Ann. Cas. 1914D 649,

48 L. R. A. (N. S.) 319. Appellants argue that, under the facts alleged in their complaint, "there could be but one cause of action, towit, the contract made by respondent Havens to insure the property of the plaintiffs."

Two questions are presented on this appeal, both depending upon the sufficiency of the complaint: First, the liability of the insurance companies; and second, the liability of respondents Havens.

It is clear that no cause of action against the insurance companies is stated in the complaint. Appellants alleged that it was agreed between them and respondent Havens that insurance on the "property would be procured through and by said Havens" and the insurance companies which he represented, respondents herein, and that the policies should, within a short time, be issued in the usual manner and retained for safekeeping for appellants by Mr. Havens. It is not alleged that any policies were ever issued, or that the insurance was ever allocated by Mr. Havens to any one or more of the companies which he represented. It is alleged that the check which appellants gave Mr. Havens was not cashed, appellants further alleging that they were unaware that the policies of insurance had not been written.

The allegations of appellants' complaint do not bring appellants' claim within the rule laid down in the cases cited, that an oral contract with an agent to insure property may be valid. If it be contended that the complaint purports to plead negligence on the part of respondent Havens, no facts are alleged which state in law any reason for holding any one of respondent insurance companies, or all jointly, responsible for such negligence.

Appellants had the right to choose the insurance companies whose policies they desired, and the amounts

in which such policies should be written. Under the complaint, it must be held that respondent Havens, in choosing the insurance companies by which appellants would be protected, and in allocating between the companies which he represented the amount of insurance desired by appellants, was to act as appellants' agent. Under such circumstances, one occupying the position of respondent Havens may, at certain times and for certain purposes, become the agent of the persons desiring insurance. *Michigan Pipe Co. v. Michigan Fire & Marine Ins. Co.,* 92 Mich. 482, 52 N. W. 1070, 20 L. R. A. 277.

It must be remembered that four insurance companies represented by Mr. Havens were by appellants made parties defendant to this action. If two or more of these companies had issued to appellants policies of insurance, any liability on these policies would have been separate claims against the respective insurers, and would not have afforded a proper basis for an action against the insurers jointly. Appellants apparently claim that, because of the acts of respondent Havens, the four insurance companies named as defendants are liable to appellants for the full amount of appellants' damage. This claim can be maintained only if it be held as matter of law that, under the allegations of appellants' complaint, it appears that appellants' property was actually insured against loss by fire by the insurance companies represented by Mr. Havens.

We are clearly of the opinion that appellants' complaint contains no allegations to the effect that respondent insurance companies ever insured appellants' property, and that the complaint fails to state facts sufficient to constitute a cause of action against the insurance companies, either on the theory of contract or of tortious negligence. We hold that the demurrer

interposed by the insurance companies was rightly sustained.

██ In considering appellants' complaint in the light of its allegations concerning the acts of respondent Havens, it must be remembered that it is alleged that Mr. Havens was the agent of the insurance companies named with him as co-defendants, and that, consequently, if the allegations of the complaint showed that Mr. Havens did, in fact, insure appellants' property against loss by fire, there could be no liability to appellants on the part of respondent Havens. Any right of action which might exist in appellants' favor against respondent Havens could be based only upon the failure on the part of Mr. Havens to procure coverage for appellants which Mr. Havens was obligated to obtain. When he caused appellants to be protected by the amount of insurance which they ordered, his personal responsibility towards appellants ended. On the other hand, if Mr. Havens had legally obligated himself to protect appellants' property by insurance, and had failed to do so, allegations in a complaint showing such a state of facts would necessarily negative any liability on the part of the insurance companies.

The demurrers above referred to, one filed jointly by the insurance companies, and the other by respondent Havens, set up as one of the grounds thereof that several causes of action were improperly united. Passing this ground of demurrer, we will consider the question of whether or not appellants' complaint stated sufficient facts as against respondent Havens. It is not alleged that Mr. Havens was himself qualified under the law to write insurance, his only connection with the matter having been as agent. As above stated, we are clearly convinced that the complaint does not allege that appellants' property was actually insured through the agency of Mr. Havens; the only question

remaining being whether or not the complaint contains allegations sufficient to state a cause of action against respondent Havens.upon the ground of his failure to perform some act which he was legally obligated to perform.

Appellants alleged that

"It was mutually agreed between the said Havens and these plaintiffs that insurance on said property would be procured through and by the said Havens, and with the insurance companies that the said Havens then represented, . . ."

and that written policies would shortly be issued in the usual form. (See portions of appellants' complaint above quoted.) After alleging their fire loss and notice to Mr. Havens, appellants set forth

". . . that the said Havens became angry and said they had no insurance, had nothing to receive and would get nothing, and repudiated the agreement on behalf of himself and each of said defendants and as their agent."

Appellants therefore rely upon allegations to the effect that, in July, 1928, respondent Havens agreed with appellants that he would have their property insured, and that, sometime after November 1, 1929, he told appellants that they had no insurance and would receive nothing by way of compensation for their loss. The complaint contains no allegation to the effect that respondent Havens negligently or otherwise failed to procure the insurance which appellants allege he agreed to have written, or that Mr. Havens was guilty of any negligent, wanton or malicious act, or any breach of contract whereby appellants suffered damage. Appellants seem to contend that their property was insured either by written contract of insurance or by a similar contract resting in parol. Of course, if either existed, Mr. Havens is not liable to appellants.

The gist of any cause of action against Mr. Havens must necessarily be a breach of some contract on his part, and the contract with Mr. Havens upon which appellants rely was that he would cause their property to be covered by insurance policies written by the insurance companies whose agent he was. The allegation that Mr. Havens, over a year later, when informed of appellants' claim, stated that appellants had no insurance, does not amount to an allegation that no insurance had ever been written, and his alleged mere repudiation of the contract between himself and appellants to the effect that he would procure insurance does not sufficiently state a cause of action either for negligence or breach of contract.

Careful examination of appellants' complaint convinces us that the demurrer interposed thereto by respondent Havens was properly sustained.

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.