[No. 24157. Department Two. February 28, 1933.]

WALTER SHOLUND et al., *Respondents*, v. DETROIT FIRE
AND MARINE INSURANCE COMPANY,
*Appellant*.[1]

*Clarke & Clarke,* for appellant.
*Yantis & Brodie,* for respondents.

BLAKE, J.—This action was brought on a fire insurance policy. The policy bears date November 6, 1931, but was executed and delivered on November 9, 1931, at a time subsequent to the destruction of the insured property by fire. At the trial, proof was offered by plaintiffs tending to show an executed oral contract to insure the property prior to its destruction. The trial court found with the plaintiffs on this contention, and entered judgment in their favor for $750, the full amount of the policy. From that judgment, defendant appeals. The appeal presents a pure question of law on facts about which there is no dispute.

The respondents, for some time prior to November 9, 1931, were the owners of a dance hall located on the

[1]Reported in 19 P. (2d) 395.

Pacific highway about eight miles east of Olympia. Sometime around the first of November, they went to one Rohrbeck, an insurance agent in Olympia, and sought to procure fire insurance on the property in the amount of $1,500. Rohrbeck, being unable to write such insurance in any of the companies he represented, wrote to Hansen & Rowland, insurance agents in Tacoma, who represented a number of insurance companies, asking them to cover the risk. Hansen & Rowland were also unable to write the insurance in any of the companies represented by them, but they did undertake to procure the insurance as brokers. One Stamey, of their office, had charge of the matter.

The appellant's agent in Tacoma and Seattle was Anderson Agencies, Inc. At that time, Anderson represented seven other companies beside appellant. One Deyo was in charge of the Tacoma office of Anderson Agencies, Inc. Wednesday, November 4, Stamey met Deyo on the street and asked him if he had a company that would carry $1,500 on a dance hall. Deyo said that he had. Stamey told Deyo he could not give him the business then, because he had promised it to another agent, but if the other agent could not write it, he would give it to him (Deyo). On Friday, November 6, Deyo was in Hansen & Rowland's office, and Stamey told him he could have the business. Stamey had two forms made up for two policies of $750 each. Stamey asked when he could get the policies. Deyo told him that, as it was late in the afternoon, they probably could not be written up until the next day (Saturday), but that he would bind the risk and date the policies as of November 6. Deyo returned to his office and laid the forms on his stenographer's desk. After his conversation with Deyo, Stamey wrote Rohrbeck that the risk was covered.

Nothing further was done with respect to covering

the risk until Monday morning, November 9. In the meantime, during the night of November 8-9, the property was destroyed by fire. Without disclosing this fact, Stamey went to the Anderson office Monday morning and asked for the policies. Deyo was not in. The stenographer told him that the policies had not been written up, but that, when they were, she would bring them to his office. Deyo came in later and, after talking to Mr. Anderson at Seattle, told the stenographer to write one policy with the appellant and the other with the Hartford. Up to that moment, neither Deyo nor anyone else had said or done anything to indicate in what company or companies represented by Anderson Agencies, Inc., the risk would be written. Deyo testified, however, that, from the time Stamey first spoke to him, he had "had in mind" the appellant as the company that would take the risk. He did not determine that, as a matter of fact, until he talked to Anderson Monday morning.

Of course, the action on the policy must fail for want of the existence of the subject matter of the insurance at the time the policy was executed and delivered. *Gaudy v. North Carolina Home Insurance Co.*, 145 Wash. 375, 260 Pac. 257. The question is whether, prior to the fire, there was an oral contract to insure the property, which is enforceable against the appellant. An agent may bind his company to a risk without disclosing the name of the company to the insured. *United States Fidelity & Guaranty Co. v. Goldberger*, 13 Fed. (2d) 779. But where the agent represents two or more companies, no one of them can be bound until the agent allocates the risk, or some portion thereof, to it by some word or act. Until that is done, there is no contract, because of failure of parties. *Ogle Lake Shingle Co. v. National Lumber Insurance*

*Co.,* 68 Wash. 185, 122 Pac. 990; *Hamp v. Havens,* 169 Wash. 332, 13 P. (2d) 75; *Michigan Pipe Co. v. Michigan Fire & Marine Ins. Co.,* 92 Mich. 482, 52 N. W. 1070, 20 L. R. A. 277.

*Thompson v. Germania Fire Ins. Co.,* 45 Wash. 482, 88 Pac. 941, and kindred cases from other jurisdictions, cited by respondent, are in harmony with this rule. In those cases, though the name of the company had not been disclosed to the insured, liability was sustained because of some memorandum made by the agent designating the company to take the risk. *Milwaukee Bedding Co. v. Graebner,* 182 Wis. 171, 196 N. W. 533. In that case, it is said:

"It is a general rule that, where an application for insurance is made to an agent who represents several companies, no contract of insurance is engendered between the insured, and any particular company until such company is designated by the agent. . . . But, where the company is selected by the agent and in some manner designated as the company in which the insurance is to be written, a binding contract results. . . . The memorandum which Miss Graebner made on the card clearly designated the company in which the additional insurance was to be written."

Respondents cite *Kidder v. Hartford Accident & Indemnity Co.,* 126 Wash. 478, 218 Pac. 220, but we do not think it sustains their position. In that case, an application for accident insurance was made to the Hartford Company and accepted by its agent, but the policy was never issued. The agent, after receiving the application, intended to write the insurance in another company, but he did not communicate that fact to the insured. It was held that such intention did not relieve the Hartford from liability on the insurance contract consummated by the agent's acceptance of the application.

In the present case, the record is totally devoid of

any act or word on the part of the agent to designate the appellant as the company to take the risk until after the property was destroyed by fire. He merely thought the appellant would take it. Thoughts can become binding as contracts only when transformed into acts or words.

The judgment is reversed.

BEALS, C. J., STEINERT, and MAIN, JJ., concur.

TOLMAN, J., dissents.