748

**WADE et al. v. NEW YORK FIRE INS. CO. et al.**

No. 1079.

United States District Court
E. D. Washington, N. D.
April 16, 1953.*

.Graham, Green, Howe & Dunn and Frank T. Rosenquist, Seattle, Wash., O'Connor & O'Connor, Wenatchee, Wash., for plaintiffs.

Clarke, Clarke & Albertson, Seattle, Wash., for defendants New York Fire Ins. Co., Gould & Gould, and H. O. Price.

Hughes & Jeffers, Wenatchee, Wash., for defendant R. S. Meenach.

DRIVER, District Judge.

Plaintiffs, a Washington state resident and a domestic corporation, move to remand this action to the state court from which it was removed by defendant New York Fire Insurance Company, a New York corporation. Defendant Gould & Gould is a Washington corporation, and defendants H. O. Price and R. S. Meenach are residents of the state. The petition for removal alleges that plaintiffs fraudulently joined the resident defendants, but the allegation has not

---

* The opinion in this case also applies to Wade v. Camden Fire Ins. Ass'n, No. 1080.

been sustained. There is no contention that the issue of fraudulent joinder is now before the court. The only question presented is whether there is a separate and independent claim or cause of action against the foreign corporation defendant, such as to authorize removal to federal court under section 1441(c) of Title 28, U.S.C.A.[1]

The complaint contains two separately stated causes of action. Its pertinent allegations will be summarized briefly.

*First Cause of Action:* Plaintiffs owned and operated a fruit warehouse and packing plant, in Wenatchee, Washington, on which they procured from defendant New York Fire Insurance Company, through its authorized agents, the resident defendants, a fire insurance policy, with a business interruption insurance endorsement attached, in the amount of $80,000. Before the expiration of the term of the policy, a fire partially destroyed plaintiffs' establishment, causing suspension of business, loss of profits, fixed charges, and expenses in a sum substantially in excess of the amount of the policy.

*Second Cause of Action:* A considerable portion of the loss of profits, mentioned in the first cause of action, consisted of buying and selling profits, which plaintiffs would have earned by selling fruit acquired from the owners. For many years before the insurance was procured, as defendants knew, plaintiffs had been engaged in the business of buying and selling fruit warehoused in their building. Prior to and at the time of the issuance and delivery of the policy, the resident defendants, acting within the actual and apparent scope of their authority as agents of defendant insurance company, represented to and agreed with plaintiffs that loss of buying and selling profits was within the insurance coverage. Plaintiffs knew that the individual resident defendants had been engaged in the insurance business for many years and relied upon their advice, representations, and agreements in purchasing the policy. The insurance company defendant has denied liability for loss of buying and selling profits on the ground that the insurance does not cover such loss. If the company's position is sustained, then plaintiffs have been damaged by the representations and agreements of the individual resident defendants in the amount plaintiffs would have received, if buying and selling profits had been covered by the policy.

In the prayer of the complaint, plaintiffs ask for judgment against defendant insurance company, on the first cause of action, for the full amount of the policy; and, in the alternative, in the event the judgment against that defendant does not cover buying and selling profits, they ask for judgment against the resident defendants, on the second cause of action, on account of the loss of such profits.

In the recent case of American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 538, 95 L.Ed. 702, the Supreme Court had occasion to consider and apply the "separate and independent claim or cause of action" ground for removal of section 1441(c), 28 U.S.C.A. The court pointed out that, by the enactment of the statute, Congress intended to avoid the difficulties experienced with the old "separable controversy" test of section 71, Title 28, U.S. C.A. (1946 Ed.) and to limit removal. The court gave "cause of action" a broad meaning, consistent with the congressional intent, and expressed the conclusion "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at page 14, 71 S.Ct. at page 540. There, as in the present case, a resident plaintiff was doubtful as to whether foreign insurance companies, or their resident agent, were liable for the loss by fire of her prop-

---

1. The subsection, enacted June 25, 1948, reads as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

erty. Her pleading alleged that the insurance companies insured her property through their agent; that the agent controlled plaintiff's insurance and agreed to keep her property insured at all times; that the companies issued the policies, but the agent retained them in his possession and refused to deliver them to her after the fire. She asked for joint and several judgment against all of the defendants. The court held that there was only a single wrong for which relief was sought, namely, the failure to pay compensation for loss on the property, and directed that the action be remanded to the state court. At the bottom of page 14 of 341 U.S., at page 540 of 71 S.Ct. of the opinion, in footnote 13, there is set out the following quotation from Moore's Commentary on the U. S. Judicial Code (pp. 251–252), which is particularly applicable to the present case because of its reference to alternative liability:

> "But where the plaintiff joins two or more defendants ·to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, *or charges them with liability in the alternative,* there is no joinder of separate and inpendent causes of action within the meaning of § 1441(c). At most a separable controversy is presented where several *or alternative* liability is alleged, and is no longer the basis for removal." [2]

The foregoing quotation is set out also in the opinion in Chason Bros. v. Insurance Co. of North America, D.C., 102 F. Supp. 803, 805. The case is, factually, quite similar to the case at bar. There, the complaint asserted that plaintiff, a domestic corporation, requested a resident defendant insurance broker to place insurance covering loss or damage to plaintiff's goods in transit to, or in possession of, a prospective purchaser; that the broker informed plaintiff such insurance coverage had been obtained from defendant foreign

insurance company; that, in reliance thereon, plaintiff delivered the goods and sustained a loss; and that defendant insurance company denied liability on the ground that the loss was not covered by the insurance obtained. The complaint sought alternative recovery against the company or the broker. The court applied the "single wrong" principle, announced in American Fire & Casualty Co. v. Finn, supra, and held that the claim, or cause of action, against the foreign insurance company was not "separate and independent" from that asserted against the resident insurance broker. The motion to remand was granted.

█ Defendant New York Fire Insurance Company earnestly insists that the present action should remain in federal court for the reason that the record does not show there is any cause of action against the resident defendants. Defendant insurance company maintains, however, that there should be included in the record, on which the determination is to be made, a number of affidavits filed in support of the petition for removal. The affidavits should not be considered in that connection. In American Fire & Cas. Co. v. Finn, supra, which involved the question whether there was a separate and independent claim, or cause of action, against a nonresident defendant, the court said, 341 U.S. at page 14, 71 S.Ct. at page 540, 95 L.Ed. 702, "we look to the plaintiff's pleading, which controls." [3] Defendant insurance company, in support of its contention that the "non-controverted" removal affidavits should be considered by the court, cites two cases. They are readily distinguishable. The first, Doggett v. Hunt, D.C., 93 F.Supp. 426, illustrates an exception, which applies when the plaintiff's pleading fails to show a basic federal court jurisdictional requirement, such as the amount in controversy. In that case, the complaint indicated that the subject of the controversy was a leasehold interest in mineral rights, but did not state its

---

2. Emphasis has been added.

3. To the same effect, see: Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; Smith v. Southern Pacific Co., 9 Cir., 187 F.2d 397; Martin v. Matson Nav. Co., D.C., 239 F. 188.

value. On motion to remand, affidavit proof was considered to ascertain whether the amount in controversy was sufficient to give the federal court jurisdiction. In the other cited case, Sanders v. Atlantic Coast Line R. Co., D.C., 33 F.2d 1010, an affidavit was considered in connection with a nonresident defendant's contention that the joinder of a resident defendant was sham and fraudulent. Fraudulent joinder may be, and oftentimes necessarily must be, established by some factual showing, independent of plaintiff's complaint. As stated at the outset of this opinion, fraudulent joinder is not an issue in the present case.

█ Not only should the affidavits of defendant insurance company be disregarded, but the complaint should be construed liberally and not in the critical spirit that would be appropriate, if the court had under consideration a motion for more definite statement, a motion to dismiss, or a demurrer.[4] Smith v. Southern Pacific Co., just cited in the margin, will serve to illustrate the point. There, in two related actions, a resident, individual, defendant was joined with a foreign railroad corporation defendant. The complaints did not identify the individual defendant in any manner, nor did they show his relationship to the railroad defendant; and no specific charge in the complaints referred to him alone. The Court of Appeals, Ninth Circuit, said, 187 F.2d at page 401:

"The only question we have to determine is whether the complaints evidence a real intention to secure a joint judgment, and colorable ground for it was shown as the record stood when the causes were removed from the state court."

In the present case, in view of the construction placed upon section 1441(c), as pointed out above, it is sufficient to say that here the complaint evidences a real intention to secure an alternative judgment against the resident defendants and colorable ground for it is shown in the complaint.

█ Defendant insurance company places special reliance upon a Washington case described as "very much in point," namely, Hamp v. Havens, 169 Wash. 332, 13 P.2d 75, 76. It was an action against four insurance companies and their individual agent. The complaint alleged that the agent had agreed to procure fire insurance with the defendant companies on plaintiff's dwelling house; that the house was destroyed by fire; and that, after the fire, the agent had told plaintiffs that they "had no insurance, had nothing to receive and would get nothing". The Washington Supreme Court held that the complaint was demurrable in not stating facts sufficient to constitute a cause of action against the agent. The court pointed out that any right of action which might exist against the agent could be based only on his failure to secure for plaintiffs the insurance coverage which he had agreed and obligated himself to obtain, and the court concluded that the agent's statement to plaintiffs, quoted above, that they had no insurance, was not a sufficient allegation that, actually, no insurance had been obtained for them. There is no comparable situation in the instant action. Here, the alternative claim for relief against the agents, set out in the second cause of action of the complaint, is based upon the factual assumption that the insurance policy, procured by the agents, does not cover loss of buying and selling profits, as represented and agreed.

The motion to remand is granted.

4. Chicago Rock Island & Pacific Ry. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473; Smith v. Southern Pacific Co., 9 Cir., 187 F.2d 397; Locke v. St. Louis-San Francisco Ry. Co., 8 Cir., 87 F.2d 418, 421.