■ EDITH POSNER, Respondent, et al., Plaintiff, v. NEW YORK MUTUAL UNDERWRITERS, Appellant, et al., Defendants. SAM ROSEN, Respondent, v. NEW YORK MUTUAL UNDERWRITERS, Appellant, et al., Defendants.— Appeal from orders of the Supreme Court, Sullivan County, denying in two separate actions appellant's motions for summary judgment. On October 19, 1960 respondent Posner purchased a New York standard fire insurance policy covering for a five-year period a hotel in the Village of Livingston Manor. On November 16, 1960, while the policy was still in force and effect, the property was destroyed by fire. The sole issue involved is whether there is presented a triable issue of fact as to whether the appellant herein is liable on this policy. It seems evident that appellant is neither a corporation nor licensed to conduct an insurance business in the State of New York but is rather a service agency for four premium insurance companies that issue a combination policy. As pointed out by Special Term, the fact that appellant had no authority to issue a policy of insurance does not *ipso facto* make the policy unenforcible as to it (Insurance Law, § 143, subd. 1). On examining the documentary evidence, including the policy issued, affidavits, etc., which comprise the record for the purpose of this motion against the general purport and policy of the Insurance Law, we concur with the court below that genuine issues of fact exist with respect to the status of the New York Mutual Underwriters as a contracting party. Not only does an examination of the face of the policy reveal a trade-mark or design placed directly beneath the policy number surrounded in bold type by the words "New York Mutual Underwriters" but in addition the policy is signed by appellant's manager. The policy also provides: "Assignment of this policy shall not be valid except with the written consent of the Company." Below that and under " PROVISIONS REQUIRED BY LAW TO BE STATED " it is provided that "the words ' this Company', whenever they occur in the policy, shall be understood as meaning ' these Companies respectively' or ' each of said companies' as the case may require." A form for the assignment of the insured's interest containing blank spaces for the names of the assignor and assignee is also provided and it concludes with the printed words "subject to the consent of the NEW YORK MUTUAL UNDERWRITERS ". There follows a form entitled " CONSENT BY COMPANY TO ASSIGNMENT OF INTEREST ", which begins: " THE NEW YORK MUTUAL UNDERWRITERS hereby consents ". No reference on such consent forms is made to the individual participating insurance companies. Further both an installment premium indorsement and a printed form concerning cancellation which were appended to the policy have " New York Mutual Underwriters " typewritten into blanks designated " Insurance Company " and " Company " respectively. Beyond the policy itself respondent Posner introduced a letter demanding the filing of a proof of loss signed " New York Mutual Underwriters, by: General Adjustment Bureau, Inc." and a proof of loss form filled in by the General Adjustment Bureau addressed to appellant. We also agree with the court below that triable issues of fact are raised as to whether appellant is an insurer by estoppel. As the court below stated: " To what extent did defendant participate in the execution and delivery of the policy? What did defendant do subsequent to the fire,

particularly with reference to the proof of loss? What was the authority of the General Adjustment Bureau? Did plaintiffs rightfully rely upon the word or deed of defendant? Did plaintiffs change their position in reliance thereon and to their injury?" We find no merit in the contention that respondents can show no detriment as a result of appellant's actions because they could conceivably move to add the four insurance companies as parties (Civ. Prac. Act, § 192; Rules Civ. Prac., rule 102 subd. 2) and subsequently urge an estoppel against the companies should they raise the defense, which was not available at the commencement of the action against appellant, of the one year contractual period of limitations. Since triable issues of fact are present, appellant's motion for summary judgment was properly denied (*Falk* v. *Goodman*, 7 N Y 2d 87). Orders unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.