Matthew J. Jasen, J.
Defendant, Federspiel & Truax Agency, Inc., moves against plaintiff’s amended complaint upon the ground that the complaint fails to state a cause of action.
The complaint sets forth four causes of action. The plaintiff concedes that only the THIRD cause of action is applicable to the movant.
This action is predicated upon a contract of insurance issued and delivered to the plaintiff on September 4, 1962, by Monroe J. Federspiel, as agent for defendant, Zurich Insurance Company. Coverage under the terms of the fire insurance policy was limited to $40,000. Subsequently, on January 14, 1963, Mr. Federspiel incorporated his agency and transferred all of *660 Ms accounts to defendant, Federspiel & Truax Agency, Inc. Fire destroyed plaintiff’s property on April 11, 1963, and plaintiff filed a claim in the amount of $71,648.91. Payment, however, was refused by defendant, Zurich Insurance Company,. because of the $40,000 limitation.
Dismissal of the original complaint was granted by tMs court on the ground that this defendant was not a proper party to the action and that it failed to state a cause of action against the defendant. Leave was "granted to replead, and defendant, Federspiel & Truax Agency, Inc., now move against the amended complaint.
The crux of the third cause of action is found in paragraphs “ 21 ”, “ 22 ” and “ 23 ”, which state:
“ 21. That in the event that the liability of the defendant, Zurich insurance oompany under the provisions of its aforesaid policy is limited to $40,000.00 then the defendant, federspiel & truax agency, INC., did negligently and carelessly warrant "and represent to the plaintiff, after the incorporation and creation of said federspiel & truax agency, inc., and at various times during the years 1963-1965, inclusive, that policy No. 70 12 555, which the defendant federspiel & truax agency, inc., serviced during that time, provided the plaintiff with full coverage for any fire loss sustained by it; furthermore, that the defendant federspiel & truax agency, inc., had or should have had actual knowledge of the true intentions and beliefs of the plaintiff with regard to the limits of coverage provided by said policy, and that in spite of said knowledge, the defendant federspiel & truax agency, inc., upon commencing the servicing of said policy, negligently and carelessly failed to discover and to advise the plaintiff that the policy limits did not conform to those limits which the defendant federspiel & truax agency, inc., knew to be the intentions, understanding and belief of the plaintiff with regard thereto.
‘ ‘ 22. That by reason of the negligence and carelessness of the defendant, federspiel & truax agency, inc., in warranting and representing to the plaintiff that the policy by its terms provided full coverage for any loss and in failing to discover and inform the plaintiff that the policy limits in said policy did not conform to those limits the defendant federspiel & truax agency, inc., knew or should have known that the plaintiff intended, understood and believed to be stated in said policy, the plaintiff has been damaged or will be liable to be damaged in the sum of $31,648.91.
“ 23. That in the event that the plaintiff sustains such aforesaid damages the same will have been caused by reason of the *661 negligence and carelessness of the defendant, federspiel & truax agency, inc., the duly authorized agent of the defendant, Zurich insurance company, without any fault on the part of the plaintiff contributing thereto. ’ ’
This cause of action is grounded in negligence. In order to succeed and substantiate the plaintiff’s claim, plaintiff must show that there was a duty owing to it by this defendant and a subsequent breach of that duty.
It is undisputed by the parties that defendant, Federspiel & Truax Agency, Inc., was the duly authorized agent of the codefendant, Zurich Insurance Company.
Plaintiff does additionally claim, however, that this defendant at the time it made the alleged negligent representations and warranties, was “ acting on behalf of the plaintiff in servicing the policy and assuring the plaintiff that the policy limits conformed to those which the defendant, Federspiel & Truax Agency, Inc., had actual knowledge that the plaintiff desired to have and believed that the policy contained.”
Where an agent is duly constituted and discloses his principal, and contracts in his name, and does not exceed his authority, the principal is responsible and not the agent. (Gibbs v. Homes Ins. Co., 252 App. Div. 805, dsmd. 277 N. Y. 529; see Cees Rest. v. Lobdell, 15 N Y 2d 275, 282.)
Here, all of the elements of agency are present and undisputed.
It is clear from the pleadings and the papers submitted that at the time of the making and servicing of the insurance contract between the plaintiff and the codefendant, Zurich Insurance Company, the plaintiff had actual knowledge that defendant, Federspiel & Truax Agency, Inc., was the agent of codefendant, Zurich Insurance Company, and not an independent insurance broker.
Since defendant, Federspiel & Truax Agency, Inc., was not acting on behalf of the plaintiff, there was no duty owing by it to the plaintiff, and consequently there could be no breach of any duty upon which to predicate a negligence action.
Moreover, it should be noted, that the plaintiff had no right to rely upon any alleged warranties and representations other than those contained in the written insurance contract delivered to it and accepted by it. Failure to read and become familiar with the principal terms of a written contract, is negligence per se, for which there is no legal excuse (Metzger v. Ætna, Ins. Co., 227 N. Y. 411).
Therefore, defendant, Federspiel & Truax Agency Inc.’s motion to dismiss all causes of action against it is granted; and plaintiff’s cross claim for leave to serve a further amended complaint is denied.