**AMERICAN MUTUAL SERVICES CORP., Plaintiff,**

v.

**UNITED STATES LIABILITY INSURANCE COMPANY and Stanley D. Wild, Defendants.**

No. 68-C-973.

United States District Court
E. D. New York.

Nov. 7, 1968.

Robinson, Silverman, Pearce, Borden & Ball, New York City, Leonard Sand, New York City, of counsel, for Plaintiff. Leon Hershbaum, New York City, of counsel, for Defendant United States Liability Insurance Company.

Silagi & Craner, Robert Silagi, New York City, for Defendant Stanley D. Wild.

## MEMORANDUM and ORDER

TRAVIA, District Judge.

This is a motion by plaintiff, AMERICAN MUTUAL SERVICES CORP. (AMS), to remand the action to the New York Courts, with AMS alleging that defendant UNITED STATES LIABILITY INSURANCE COMPANY (USLI) could not properly remove to the federal courts because there is lacking the diversity of citizenship required for removal under § 1441(a) of Title 28, and no "separate and independent claim" exists to justify removal under § 1441 (c).

Cross motions by USLI ask that the complaint be dismissed for failure to state a cause of action; that if this is denied, an order to make the complaint more definite be issued; and that service upon defendant USLI, under § 59–a of the New York Insurance Law, McKinney's Consol.Laws, c. 28, be set aside.

In considering the motion to remand, the allegations of the complaint must control. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334 (1939). The complaint alleges that plaintiff is a New York corporation, that defendant USLI is a Pennsylvania stock insurance company, and that defendant WILD is a New York resident. The complaint goes on to state that:

On information and belief, defendant Wild at all times herein set forth was and is an authorized agent of USLI and has held himself out to be the same.

It then alleges that subsequent to July 15, 1966, USLI was no longer licensed or authorized to engage in the insurance business in the State of New York, but has continued to do so by mail, agents and other means. Commencing on December 2, 1960, there was a series of consecutive policies between plaintiff and USLI, and that one due to expire on December 2, 1966, was extended to December 2, 1967. Plaintiff has performed all of the conditions of the insurance contracts, and duly demanded of USLI and WILD the reimbursement for losses insured against, "Wherefore, plaintiff demands judgment in the aggregate amount of $228,966.90 * * *".

Subsections (a) and (b) of § 1441 make the requirements of original diversity applicable to removal jurisdiction based on diversity, with removal on the basis of diversity further limited to actions where a defendant is not a citizen of the state in which the action is brought. But parties fraudulently joined may be disregarded in determining whether the provisions of § 1441 have been met. Thus, if WILD, a New Yorker, was fraudulently joined, there is diversity of citizenship between plaintiff and defendant, no properly joined defendant is a citizen of New York, and the case should not be remanded.

The rule as to what constitutes fraudulent joinder is well stated by Professor Moore:

> The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defective statement of the plaintiff's action warrant removal. If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal.
>
> Moore's Federal Practice, Volume 1A, p. 532 (2d Ed.)

Using this standard, the motion for remand must be denied, as no cause of action has been asserted against WILD.

■ There are two possible grounds, plaintiff argues, on which it has a cause of action against WILD. First, an agent who was *not* authorized to execute a contract on behalf of his principal becomes directly liable himself by virtue of his breach of warranty of authority. Howells v. Albert, 37 Misc.2d 856, 236 N.Y.S.2d 654 (1962). Thus, AMERICAN MUTUAL SERVICES CORP. asserts, if USLI, which was not authorized to write insurance in New York when the 1966 extension was signed, can establish that WILD lacked authority to sign the policies in question, WILD would be personally liable thereon. This is true, but the situation is the same in *any* case involving agency. The mere assertion that if the agent's act was not authorized, the agent would be liable, is not enough to establish a cause of action that would defeat removal, else no case involving an agent could be removed. Nowhere in the complaint is there set out any basis for the belief that WILD's acts were unauthorized. The fact that neither WILD nor USLI were authorized to do business in New York does not bear on the question of the relationship between WILD

and USLI. In fact, the complaint itself alleges that USLI was operating in New York through more than one agent and the mails. The complaint alleges that WILD was *at all times* an authorized agent of USLI. The complaint is composed of only one cause of action. Nowhere is there set out any cause of action in the alternative against WILD for exceeding his authority as agent, as was done in Wade v. N. Y. Fire Ins. Co., 111 F.Supp. 748, 749 (E.D.Wash.,1953). The mere allegation, without more, that there is a possibility that the principal may show the agent's acts to be unauthorized, is not enough to defeat removal.

Plaintiff states that even if WILD were authorized to execute the policies in question, there would still be a cause of action against WILD. He purported to write insurance with AMS on behalf of USLI without advising AMS of the termination of USLI's authority to issue insurance policies in New York. This information was of vital significance to AMS, which thought it had the rights and protections that New York Law gives the insured in relation to authorized insurance companies.

■ The law is clear, however, that no cause of action against WILD arises. An insurance broker who procures insurance in a company unauthorized to do business in New York is liable to the insured, based on his negligence in getting such insurance, even without proof of fraud. But this is only when the party in question is an agent or broker of the *insured*. Murphy v. Frank B. Hall & Co., 228 A.D. 415, 417, 239 N.Y.S. 419, 421, aff'd 254 N.Y. 579, 173 N.E. 874 (1930). Where an authorized agent discloses his principal, contracts in his name, and does not exceed his authority, it is the principal who is responsible and not the agent. W. C. Humphreys Inc. v. Zurich Insurance Co., 54 Misc.2d 659, 660–61, 283 N.Y.S.2d 246, 248–249 (1967). Thus, in an action by the insured against an insurance agency for alleged negligent representations and warranties, it was held that

since the agent was not acting on behalf of the plaintiff, there was no duty owing by the agent to the plaintiff, so there could be no breach of any duty upon which a negligence action could be based. W. C. Humphreys Inc. v. Zurich Insurance Co., supra.

 With some exceptions, the doing of business in New York by the agent of an unauthorized foreign insurer is a misdemeanor. Insurance Law § 112. But the general rule is that the agent has no personal liability unless the policyholder did not know of the unauthorized nature of the transaction, and the insurer became insolvent, preventing collection of a loss from it. 131 A.L.R. 1084. No contrary rule in New York can be found. There is here no allegation of insurer's insolvency. Furthermore, though the insurer was not authorized to do business in New York, its contracts in New York are still binding and valid as against the insurer. Posner v. United States Fidelity & Guarantee Co., 33 Misc.2d 653, 226 N.Y.S.2d 1011, 1014, aff'd Posner v. New York Mut. Underwriters, 16 A.D.2d 1013, 229 N.Y.S.2d 160 (1962).

There being no cause of action against the agent in the complaint, the question of whether or not there is cause for remand under the "separate and independent claim or cause of action" language of § 1441(c) need not be considered.

 The motion of USLI to dismiss the complaint for failure to plead a cause of action is denied.

[A] complaint should not be dismissed for insufficiency unless it appears *to a certainty* that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

Moore's Federal Practice, Volume 2A, p. 2245 (2d Ed.) (emphasis added)

The complaint does allege that plaintiff has insurance with the defendant USLI, and lists the policy numbers; that AMS performed all of the conditions on the contracts; that it has demanded from defendants "the reimbursement for losses insured against including, among others, losses arising out of damages to vehicles financed by the plaintiff". A schedule of alleged vehicle losses is attached to the complaint.

While not very artfully pleaded, there is no doubt as to the cause of action plaintiff is alleging.

Whether and when the losses occurred, and whether they were covered by the policies in question, as amended, endorsed and modified, are questions that may best be answered by the discovery process, rather than by a greatly detailed complaint.

Finally, there is no merit to defendant USLI's contention that it was improperly served under § 59–a of the New York Insurance Law.

Plaintiff's motion to remand, and defendant's cross-motions are denied.

So ordered.